JOHN DAVIS & COMPANY *v.* INSURANCE COMPANY OF NORTH AMERICA.

1. FIRE INSURANCE — LIABILITY OF COMPANY — LIMITATIONS — EXPLOSIONS AND FALLING WALLS.

A fire-insurance policy upon a stock of goods provided that the company should not be liable for loss caused "by invasion, * * * or (unless fire ensues, and in that event for the damage by fire only ) by explosion of any kind." By a subsequent clause it was provided that "if a building, or any part thereof, fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease." *Held*, that the latter clause did not preclude a recovery upon the policy for damages to the stock by fire ensuing upon an explosion which caused the store building to collapse.

2. SAME — STANDARD POLICY — JUDICIAL INTERPRETATION.

The terms of the standard policy of fire insurance are to be construed as employed in the sense in which they were used and interpreted by the courts before that form of policy was adopted.

3. SAME—LOSS BY FIRE AND WATER.
  Insurance covering "damage by fire" extends to loss occasioned by water used in case of fire to prevent the destruction of the insured property.

4. SAME—RULES OF CONSTRUCTION.
  As to how far the rule that insurance contracts are to be construed most favorably to the insured is modified where the form of policy is prescribed by statute,—*quære*.

5. SAME—DAMAGES—BURDEN OF PROOF.
  Plaintiff in an action on a fire-insurance policy has the burden of showing that the loss was occasioned by the peril insured against.

Error to Wayne; McMahon, J., presiding. Submitted October 13, 1897. Decided December 21, 1897.

*Assumpsit* by John Davis & Company against the Insurance Company of North America on a fire-insurance policy. From the judgment rendered, both parties bring error. Affirmed.

*De Forest Paine*, for plaintiff.

*Brennan, Donnelly & Van De Mark* and *Bernard B. Selling*, for defendant.

MONTGOMERY, J. This is an action on a fire-insurance policy. The plaintiff, a corporation, was a dealer in grocers' supplies at 45 Larned street, Detroit, occupying a brick building, and held a policy issued by the defendant, covering the stock in trade, in the sum of $2,000. There was $6,000 concurrent insurance. On the 6th day of November, 1895, a boiler exploded in the basement of an adjoining building, occupied by the Detroit Journal, and both buildings fell in. A fire ensued in No. 47, but none of the goods in No. 45 were actually consumed by fire. There were saved from the wreck goods which in their perfect state were worth $996. It was shown that goods were damaged by water poured upon them for the purpose of extinguishing fire. At the close of the testimony, the circuit judge held that there was no tangible

testimony tending to show any loss, or, at the best, tending to show the extent of loss, by fire or water, aside from what had been saved from the wreck. The evidence shows that these goods had been damaged to the extent of 50 per cent. of their original value, and the circuit judge directed a verdict for the plaintiff for the proportion of the damages which the insurance in the defendant company bore to the whole amount of insurance, viz., $126.50, and declined to submit the case to the jury to find further damages by fire. Both parties have brought error, the plaintiff contending that there was evidence from which the jury would have been justified in finding a greater loss by fire, and defendant contending that there was no liability whatever.

The clauses of the policy under which the questions presented arise are as follows:

" This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority, or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in neighboring premises, or (unless fire ensues, and in that event for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon.

"If a building, or any part thereof, fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

It is contended by the defendant that the policy terminated immediately upon the fall of the building. It may be conceded that, if the last clause above quoted stood alone, such would be its effect. *Huck* v. *Insurance Co.*, 127 Mass. 306 (34 Am. Rep. 373). But this clause is preceded by a specific clause which governs in case of explosion. The case is directly ruled by *Dows* v. *Insurance Co.*, 127 Mass. 346 (34 Am. Rep. 384). The policy in that case contained substantially the same provisions as in the present. Referring to the last-quoted provision, the court said:

"It appears to us to have had in view the case of a building falling by reason of inherent defects, or by the withdrawal of the necessary support, as by digging away the underlying or adjacent soil. It might perhaps include the case of a building thrown down by a storm or flood or earthquake; but it would be construing this provision too liberally in favor of the insurers to hold it to include the case of the destruction of a building by an explosion within the building itself, and of a fire immediately ensuing upon and connected with such an explosion, the measure of the liability for which has been carefully and precisely defined in the previous provision of the policy."

We do not overlook the claim of defendant's counsel that the standard policy is in a form prescribed by State authority, and should no longer be subject to the rule that such contracts are to be construed most favorably to the insured. We need not determine how far this rule of construction should be held modified by the conditions stated. The terms employed in this policy had been in previous use in insurance contracts, and, as we have seen, had had a judicial construction. It is to be assumed that these terms were used in this policy in the sense in which they were previously used and defined. The same consideration answers defendant's suggestion that the words "damage by fire" should be limited to loss by actual burning. It is conceded that, in general, the words "loss by fire" include loss by water thrown upon the property, to prevent its destruction by fire; and it is but fair to assume that the language was employed in the statutory policy in view of its previously-accepted interpretation.

On the plaintiff's appeal the questions presented are mainly questions of fact, depending upon a construction of the testimony. It was not shown by the testimony what portion of the loss of the goods not recovered was caused by the explosion, and what portion by fire, or water used to extinguish fire. There was also another element entering into the destruction of the goods for which defendant is not liable, which was a flooding by

water caused by a break in pipes resulting from the explosion. Mr. Davis, plaintiff's manager, testified: "I could not pass any judgment as to what portion of our stock was destroyed by the fall of the building; only judge from what we recovered;" and in another place: "It was impossible for me to tell what portion of the goods not recovered were destroyed by water or injured by water other than what I saw from the goods that we did recover." The burden of proof was with the plaintiff to show a case within the terms of the policy. It failed to show any data whatever upon which a conclusion could be based which would not rest upon the merest guesswork. We think, therefore, that the circuit judge did not err in refusing to submit the question to the jury.

The judgment will be affirmed. Neither party will recover costs in this court.

The other Justices concurred.