STRAKER, Respondent,. vs. PHENIX INSURANCE COMPANY OF BROOKLYN, N. Y., imp., Appellant.

*November 28 — December 16, 1898.*

| | |
|---|---|
| j01 | 413 |
| 102 | 16 |
| 101 | 413 |
| 107 | 467 |
| 107 | 469 |
| 101 | 413 |
| h109 | 376 |
| 101 | 413 |
| 116 | ⁵413 |
| 101 | 413 |
| 117 | ¹534 |

*Fire insurance: Forfeiture by increase of risk: Waiver: Presumption.*

1. The Wisconsin standard fire insurance policy provides (sec. 1941–46, Stats. 1898) that it shall be void "if the hazard be increased by any means within the control or knowledge of the insured; " also (sec. 1941—50) that if an application be referred to in the policy it shall be a part of the contract and a warranty by the insured. An application attached to such a policy and referred to therein stated, among other things, that on the north side of the building to be insured there were no exposures within 100 feet, and provided that the statements therein were to be construed as a continuing warranty. *Held*, that the subsequent erection of a building within 100 feet on the north side of that insured avoided the policy, if known to the assured, although he did not own or have any control over the new building or the land on which it was erected.

2. The provision in the policy in respect to increase of hazard has reference to future and not to existing conditions of the property insured.

3. A continuing warranty in a contract of insurance, that there is no exposure of the building within 100 feet by any structure or occupancy, is equivalent to an agreement that such nonexposure is material to the risk, and that it shall continue during the life of the policy; and consequently the jury need not pass upon the question whether the erection of a new building within that distance increased the hazard.

4. The statute prescribing the form of the Wisconsin standard policy expressly declares (sec. 1941—62, Stats. 1898) that no officer, agent, or other representative of the company shall have power to waive any provision or condition of the policy except by agreement indorsed upon or added to such policy, and hence an agent's knowl-

edge of the erection of a building which increased the hazard and his failure to make objection do not operate as a waiver of the forfeiture.

5. In the absence of fraud or mistake, parties are conclusively presumed to know the contents of their own written contracts.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Mylrea, Marchetti & Bird,* and oral argument by *C. B. Bird* and *W. H. Mylrea.*

For the respondent there was a brief by *G. W. Dawson* and *Humphrey Pierce,* and oral argument by *Mr. Pierce.* They argued, *inter alia,* that a condition against changes that increase the risk is not broken by an increase resulting from adjacent premises over which the insured has no control.    8 Wait, Act. & Def. 791; *State Ins. Co. v. Taylor,* 14 Colo. 499; *S. C.* 20 Am. St. Rep. 281; 1 Wood, Fire Ins. (2d ed.), 584; *Franklin F. Ins. Co. v. Grover,* 100 Pa. St. 266; May, Ins. §§ 244, 247; *Breuner v. Liverpool & L. & G. Ins. Co.* 51 Cal. 101; *S. C.* 21 Am. Rep. 703; *Satterthwaite v. Mut. B. Ins. Asso.* 14 Pa. St. 393; *Gates v. Madison Co. Mut. Ins. Co.* 5 N. Y. 469; 7 Am. & Eng. Ency of Law, 1032. The question whether there was an "increase of hazard" within the knowledge or control of the insured was one for the jury.    1 Wood, Fire Ins. sec. 248; *Pool v. Milwaukee M. Ins. Co.* 91 Wis. 530; *De Longuemere v. N. Y. F. Ins. Co.* 10 Johns. 120, 123; *Ætna Ins. Co. v. Norman,* 12 Ind. App. 652; 7 Am. & Eng. Ency. of Law, 1032; *Williams v. People's F. Ins. Co.* 57 N. Y. 274; *Jones v. Fireman's F. Ins. Co.* 51 id. 318; *Cornish v. Farm Buildings F. Ins. Co.* 74 id. 295. To avoid the policy on the ground of increase of risk, defendant must show, not only that the insured had knowledge of the change, but also that the risk was thereby increased. *Rife v. Lebanon Mut. Ins. Co.* 115 Pa. St. 530; *S. C.* 2 Am. St. Rep. 580.    To be an "increase of hazard" the change must be some permanent change in the condition of the

property insured. *Geo. Home Ins. Co. v. Kennier's Adm'x,* 28. Grat. 88; *Leggett v. Ætna Ins. Co.* 10 Rich. 202; *Billings v. Tolland Co. M. F. Ins. Co.* 20 Conn. 139; *Comm. v. Hide & L. Ins. Co.* 112 Mass. 136; *Whitney v. Black River Ins. Co.* 72 N. Y. 117; *German Ins. Co. v. Hart,* 16 Ky. L. Rep. 344; *La Force v. Williams City F. Ins. Co.* 43 Mo. App. 518; *Westchester F. Ins. Co. v. Foster,* 90 Ill. 121; *Shaw v. Robberds,* 6 Adol. & El. 75; *New York v. Hamilton F. Ins. Co.* 39 N. Y. 45; *Gates v. Madison Co. M. Ins. Co.* 5 id. 469; *State Ins. Co. v. Hughes,* 10 Lea, 461; *Au Sable L. Co. v. Detroit M. M. F. Ins. Co.* 89 Mich. 407; *Herrman v. Merchants' Ins. Co.* 81 N. Y. 184; *Williams v. N. E. M. F. Ins. Co.* 31 Me. 219; *Dobson v. Sotheby,* 22 Eng. C. L. 260; *First Cong. Church v. Holyoke M. F. Ins. Co.* 158 Mass. 475; *Johnson v. Berkshire M. F. Ins. Co.* 4 Allen, 388.

CASSODAY, C. J.   This is an action to recover on a policy of insurance against loss by fire, issued to the plaintiff by the defendant insurance company July 22, 1896, and to continue until July 22, 1897, wherein and whereby the appellant agreed, in effect, to insure the plaintiff against all loss and damage by fire during that year, to the amount of $1,900, upon the two-story frame building, and additions thereto attached, occupied by the plaintiff as a saloon and dwelling, and situated on the premises described; the loss, if any, payable to the defendant Pabst Brewing Company, mortgagee, as its interest might appear.   The policy contained, among other things, the provision that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void   .   .   .   if the hazard be increased by any means within the control or knowledge of the insured." The application for such insurance was in writing, signed by the plaintiff, and attached to the policy and referred to therein, and, among other things, reads as follows: "Exposures.   Give construction, occupancy, and distance of all

exposures within 100 feet. Answered: North, none. East, none. South, brick store about twenty-five feet. West, none." And it also contained provisions to the effect that the subscriber requested the insurance by the appellant of the property, and thereby covenanted and agreed to and with the appellant that the foregoing answers were true, and that the same constituted a just, full, and true exposition of all the facts and circumstances inquired about touching the property to be insured, or the building containing the same, and that the answers were to be considered as a basis on which the insurance applied for was to be effected, and the same were to be understood as incorporated in, and forming a part of, all the policies then and there written on the property described, or any part thereof, and that such answers or statements were " to be always accepted and construed as forming and constituting a continuing warranty."

It is stipulated as matters of fact, in effect, that in October, 1896, one Bach bought the adjoining lot, and commenced the erection on the north side of the insured building, and distant from it six feet at the nearest point, and fourteen feet at the farthest point, of a two-story frame non-fireproof building; that the plaintiff lived in the second story of the insured premises, and kept a saloon on the first floor; that he knew all about the several stages of the erection and location of the building, from its commencement; that the new building had been plastered, all but two rooms, in which rooms on the night of October 30, 1896, and while the building was unoccupied and without any known fire, a fire originated from some unknown cause, which spread to the insured property and caused its destruction; that the amount of loss claimed, and not denied, is $1,450 for the building and contents; that the barn did not burn; that the new building increased the rate on the insured property at least fifty per cent.; that when the policy was issued the

plaintiff did not know that such adjoining building would be built, and had no control over it; that at the time the policy was issued the plaintiff did not contemplate the construction of the language of the policy now claimed by the appellant, and did not understand that his policy would be affected in any way by reason of the erection of a building on the adjacent lot, over which he had no control, on his failure to give notice of such erection to the appellant.

The complaint was in the usual form. The appellant answered, and set up the provisions of the policy and application mentioned, and relied upon them and the facts stated for a defense. At the close of the trial the court directed a verdict in favor of the plaintiff for $1,529.02, and from the judgment entered thereon, with costs, the defendant insurance company brings this appeal.

The policy in suit is the "Wisconsin standard fire insurance policy," as prescribed by ch. 387, Laws of 1895, being secs. 1941—43 to 1941—65, Stats. 1898. The provisions of those statutes, so far as they affect the question here in controversy, are as follows: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, . . . if the hazard be increased by any means within the control or knowledge of the insured." Sec. 1941—46. "If an application, survey, plan or description of property be referred to in this policy, it shall be a part of this contract and a warranty by the insured." Sec. 1941—50. "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto." Sec. 1941—62. "All fire insurance corporations . . . shall, upon the issue . . . of any policy, attach to such policy or indorse thereon a true copy of any application or representations of the assured which by the terms of such policy are made a part thereof or of the contract of insurance or referred to therein, or which

may in any manner affect the validity of such policy."
Stats. 1898, sec. 1945a.   Under these statutes, as well as the
express wording of the policy and the application therefor
signed by the plaintiff and attached to the policy, there
would seem to be no escape from the binding force of the
agreement therein contained, to the effect that the policy
should be void "if the hazard be increased by any means.
within the control *or knowledge of the assured*," and that
such agreement should be "construed as forming and con-
stituting a continuing warranty," and "be a part of the con-
tract and a warranty by the insured."   Sec. 1941—50.   It
requires no authority to show that such agreements and
such statutes mean just what they say, and were in full force,
as binding and continuing warranties, at the time of the fire.
*Blumer v. Phœnix Ins. Co.* 45 Wis. 622; *S. C.* 48 Wis. 535;
*Copp v. German Am. Ins. Co.* 51 Wis. 637, 640; *Boyle v. N.
W. Mut. R. Asso.* 95 Wis. 312, 317.

The contention is that although the plaintiff lived in the
second story of the insured building, only six feet from the
new building, and knew all about the location and the sev-
eral stages of the erection of the new building from its com-
mencement to the time when the fire originated therein, yet
that there was no forfeiture of the policy, because the plaint-
iff did not own, and had no control over, the new building,.
nor the land upon which it was situated.   In other words,
it is contended that although the hazard was increased by
means within the "knowledge of the assured," as stated in
the policy, yet that it did not avoid the same, because such
erection was not within his control.   This court has expressly
held that, in a case of the breach of such continuing war-
ranties, "the insurance was avoided by a false statement in
such application that the insured had never had a certain
disease, although he never knew he had it, and his death
resulted from other causes."   *Baumgart v. Modern Wood-
men of America,* 85 Wis. 546, 549.   But, as indicated, the

clause in the policy which we are asked to nullify is also in the statute, as a part of the "Wisconsin standard policy." The object of such statutes was, practically, to have but one form of policy, instead of having a different form for each company doing business, and each company changing its form whenever by so doing it could escape the consequences of any new decision made by the court. It was certainly a long step in the right direction. *Bourgeois v. N. W. Nat. Ins. Co.* 86 Wis. 609, 610. In that case Mr. Justice WINSLOW said: "When a man contracts for insurance, he knows that he is contracting for a standard policy and for nothing else, and he knows that he will get that and nothing else. As the law becomes better known, and the terms of the standard policy better understood, it is manifest that it will be more valuable to the business world. . . . More critical examination reveals the undoubted fact that the law was not passed solely for the protection of the insured. It provides in clear and distinct terms that other conditions may be printed or written upon or attached to the policy, but that they shall *not be inconsistent with, nor a waiver of, any of the provisions or conditions of the standard policy.* In thus providing that other conditions may be incorporated in the policy by writing or printing, other methods are plainly excluded, under familiar legal principles. The intent plainly was and is that, so far as the conditions and provisions of the standard policy go, they shall govern, and that they shall not be omitted, changed, or waived in any manner. Other provisions not conflicting with them may be added in writing or printing, but the conditions of the standard policy itself must remain unimpaired." *Id.* The increase of such hazard mentioned in the policy manifestly referred to subsequent conditions, and not to conditions existing when the policy was issued, as claimed by counsel.

Counsel contends that, if the erection of the building with the knowledge of the plaintiff could operate to avoid the

policy, still it would be a question for the jury to say whether such erection increased the hazard. Here the contract of insurance contained a continuing warranty that there was no exposure of the building on the north within 100 feet by any structure or occupancy. By thus expressly stipulating in respect to such exposure, the parties impliedly agreed that such nonexposure was material to the risk, and that such nonexposure should continue during the life of the policy. *Blumer v. Phœnix Ins. Co. supra,* and other cases cited above. In a case quite similar, in the fact of a new building having been constructed during the life of the policy, in New York, it was said by Mr. Justice ANDREWS, speaking for the court: "The court was fully justified in assuming that there had been an increase of hazard. It is self-evident, and a contrary finding by a jury could not stand." *Cole v. Germania F. Ins. Co.* 99 N. Y. 40. In the Pennsylvania case cited it is said: "The purpose of requiring a warranty is to dispense with inquiry, and cast entirely upon the assured the obligation that the facts shall be as represented. Compliance with his warranty is a condition precedent to any recovery upon the contract." *Pottsville M. F. Ins. Co. v. Horan,* 89 Pa. St. 445. See *Franklin Brass Co. v. Phœnix Ass. Co.* 65 Fed. Rep. 773. Besides, it is expressly stipulated that the presence of the new building increased the rate of insurance on the insured property at least fifty per cent. The stipulation in the contract in respect to the particular hazard makes the case unlike *Pool v. Milwaukee M. Ins. Co.* 91 Wis. 530, and other cases relied on.

Counsel further contends that the appellant's agent knew the fact that the new building was being constructed fifteen days before the fire, and hence waived the condition in the policy, by making no objection and allowing the policy to continue. But the statutes prescribing the terms of such standard policy expressly declare that "no officer, agent or other representative of this company shall have power to

Straker vs. Phenix Ins. Co. of Brooklyn, N. Y.

waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto." Stats. 1898, sec. 1941—62. Besides, in *Bourgeois v. N. W. Nat. Ins. Co.* 86 Wis. 609, it was held that there could be no such waiver by parol. True, the act there construed was subsequently declared unconstitutional, upon a question not here involved. *Dowling v. Lancashire Ins. Co.* 92 Wis. 63. But the construction put upon that act is applicable to similar language in the present act.

Counsel further contends that the statute provides, in effect, for the cancellation of the policy on five days' notice, and that if it be canceled, "or become void or cease, the premiums having been actually paid, the unearned portion" thereof should "be returned on surrender of the policy," and, hence, that the appellant cannot retain the unearned premium and defend against the policy. Sec. 1941—52. But the plaintiff did not surrender, nor offer to surrender, the policy, and that question is not before us.

Counsel further contends that at the time the policy was first issued the plaintiff did not contemplate that any such construction could be put upon the language employed as now claimed by the appellant. It is enough to say that, in the absence of fraud or mistake, parties are conclusively presumed to know the contents of their written contracts. *Herbst v. Lowe*, 65 Wis. 316; *J. A. Coates & Sons v. Buck*, 93 Wis. 131.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.