[No. 14179.   Department Two.   January 30, 1918.]

PETER GREGERSON, *Respondent*, v. PHENIX FIRE INSURANCE COMPANY, *Appellant*.[1]

INSURANCE—FIRE INSURANCE—CONDITIONS—TITLE—WAIVER.   The adoption of the New York Standard form of policy by Rem. Code, § 6059-106, which contains a clause that a fire policy shall be void if the insured did not have a fee simple title to the ground, did not change the rule in this state that such clause is waived by accepting the risk and issuing a policy upon a building upon leased ground without requiring any application or making any inquiry as to the title of the insured, who made no representations and did not know of the existence of the clause in the policy.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 9, 1917, upon findings in favor of the plaintiff, in an action upon a fire insurance policy, tried to the court. Affirmed.

*H. T. Granger*, for appellant.

*Shorett, McLaren & Shorett* and *Edward R. Taylor*, for respondent.

CHADWICK, J.—The appellant insurance company has appealed from a judgment of $400 interest and costs recovered

[1]Reported in 170 Pac. 331.

by respondent in a suit on a fire insurance policy. The case was submitted to the trial judge on the pleadings and a stipulation as to the facts. The dwelling covered by the policy was located on leased ground, and that fact, and the following clause in the insurance policy, is the defense relied upon by the company.

"This entire policy, unless otherwise provided by agreement endorsed hereon, shall be void . . . if the subject of insurance be a building on ground not owned by the insured in fee simple."

By the facts admitted in the stipulation, the question is presented whether the above clause is a bar to a recovery when the insured made no representations, oral or written, that he was the owner of the land on which the dwelling was situated, and the insurance company made no inquiries and required no statement, oral or written, as to the ownership of the land. It is also admitted that the insured had no notice of the clause in question and would not have accepted the policy had he known of it, and that the insurance company had no knowledge that the dwelling was situated on leased ground and would not have issued the policy had it known that fact.

While there is a seeming conflict in the decisions as to whether the failure of an insurance company to require a written application or to make inquiries as to the insured's title bars its right to set up the clause quoted above as a defense, the question is no longer an open one in this state. *Dooly v. Hanover Fire Ins. Co.*, 16 Wash. 155, 47 Pac. 507, 58 Am. St. 26, and *Neher v. Western Assurance Co.*, 40 Wash. 157, 82 Pac. 166. Unless these decisions have been overcome by the insurance code passed by the legislature in 1911, Rem. Code, ch. XLV, § 6059-106, which provides for the use of the insurance policy form known as the "New York Standard," we must hold, under the authority of the cases cited, that, in the absence of fraud on the part of the insured, the company, by accepting the risk without making

any inquiry or investigation as to whether the property was located on leased land, is deemed to have waived the condition.

Counsel for appellant contends that the act of the legislature in adopting an exclusive standard form of fire insurance policy gave it the effect of positive law, and, therefore, there can be no waiver of the clause set up as a defense.

Counsel cites no authority to sustain this contention, and from an examination of the books we are convinced that, where it has been urged, the courts have quite generally rejected it. *Chichester v. New Hampshire Fire Ins. Co.,* 74 Conn. 510, 51 Atl. 545; *Kollitz v. Equitable Mut. Fire Ins. Co.,* 92 Minn. 234, 99 N. W. 892; *Straker v. Phenix Ins. Co.,* 101 Wis. 413, 77 N. W. 752; *John Davis & Co. v. Insurance Co. of North America,* 115 Mich. 382, 73 N. W. 393; *Reed v. Washington Ins. Co.,* 138 Mass. 572; *Dunton v. Westchester Fire Ins. Co.,* 104 Me. 372, 71 Atl. 1037, 20 L. R. A. (N. S.) 1058; 14 R. C. L. 932; Vance, Insurance, p. 430; and 1 Cooley, Insurance, p. 630.

Cooley says in his work on insurance:

"The fact that a fire insurance policy is a standard form prescribed by statute does not alter its status as a contract, which must be construed by the rules of construction usually applied to insurance contracts." Vol. 1, p. 630.

And in vol. 3, page 2610, he quotes the following from *Knarston v. Manhattan Life Ins. Co.,* 140 Cal. 57, 73 Pac. 740:

"There is no good reason why, if, in the face of a stipulation in a policy forbidding it, such condition may be waived by parol, a provision of law similar in effect may not be equally waived. The provision of the code, as well as the stipulation for a forfeiture in the policy, were equally matters of benefit to the company, and it is the rule that not only provisions in a contract may be waived by the party for whose benefit they are inserted, but that he may also waive statutory, and even constitutional, provisions under which he may derive a benefit."

The provisions in the "standard" policy have been used by different insurance companies in their respective policies for many years. Their meaning and effect have been the subject of much judicial inquiry, and although different courts have announced different rules, they have become fairly well defined. It is with this idea that the legislature of this state, and of other states, has adopted the standard form of fire insurance policy. The intention was not to change the meaning or effect of terms which had become fairly well settled, but was to combine these terms in a standard policy for the sake of uniformity. In *Straker v. Phenix Ins. Co., supra,* the court said:

"The object of such statutes was, practically, to have but one form of policy, instead of having a different form for each company doing business, and each company changing its form whenever by so doing it could escape the consequences of any new decision by the court."

And in *Gazzam v. German Union Fire Ins. Co.,* 155 N. C. 330, 71 S. E. 434, Ann. Cas. 1912C 362, the court quotes the following from Vance on Insurance:

"This contention, however, has been held to be without merit, for the terms of these statutory policies were chosen with reference to the construction given by the precedent cases to similar terms in other policies, and therefore ought to be regarded as being used in the sense of their previous construction."

See, also, *Ramat v. California Ins. Co. of San Francisco,* 95 Wash. 571, 164 Pac. 219, and *Workman v. Royal Exchange Assurance,* 96 Wash. 559, 165 Pac. 488.

What we have said indicates that the rule laid down in *Dooly v. Hanover Fire Ins. Co., supra,* and *Neher v. Western Assurance Co., supra,* has not been changed by the legislative adoption of a standard form of policy, and it therefore follows that the judgment of the lower court must be affirmed.

ELLIS, C. J., HOLCOMB, MORRIS, and MOUNT, JJ., concur.