[S. F. No. 2707.  Department Two.—August 28, 1903.]

## ALICE L. KNARSTON, Respondent, v. MANHATTAN LIFE INSURANCE COMPANY, Appellant.

LIFE INSURANCE—PAYMENT OF PREMIUMS—EXTENSIONS OF TIME—CONFLICTING EVIDENCE—PRESUMPTION.—In an action upon a life-insurance policy containing the usual forfeiture clause for failure to pay

the annual premium, where the evidence was conflicting as to whether extensions of time were given in which to pay the premium, and as to whether the death occurred during the unexpired period of an extension of time, it will be presumed in favor of a verdict for the plaintiff, which in that respect is not attacked, that the jury found in favor of such extensions.

ID.—DECISION UPON FORMER APPEAL—LAW OF CASE—ADMISSIBILITY OF EVIDENCE.—A decision upon a former appeal by plaintiff from a judgment in favor of the defendant, under the same facts as shown upon this appeal by the defendant from a judgment in favor of the plaintiff, that by the extensions of time for payment of the premium granted by the manager of the company to the insured there was no forfeiture of the policy, and that it was in full force at his death, is not the law of the case upon this appeal, upon the question of admissibility of the evidence to prove the extensions of time.

ID.—PROOF OF EXTENSIONS OF TIME—PAROL EVIDENCE.—Extensions of time for the payment of the annual premium may be proved by parol evidence. The effect of such evidence is not to vary the terms of the written contract of insurance, which contained no agreement to pay the premium, but only a condition for its payment, that the company or its agents were competent to waive.

ID.—ORAL WAIVER OF CONDITION—BENEFIT OF INSURANCE COMPANY.—The condition in the policy, that it should become void if the premium should not be paid, was solely for the benefit of the insurance company, and may be orally waived. Such oral waiver does not vary the contract, but merely indicates the election of the company to continue the policy in force, and not to claim the benefit of the forfeiture.

ID.—WAIVER OF BENEFIT—STATUTORY PROVISION.—The insurance company could not only waive any condition in the contract by parol, but may equally waive any statutory provision intended for its benefit.

ID.—CONSIDERATION OF WAIVER—ESTOPPEL.—A waiver of the condition of forfeiture for non-payment of the premium by an oral extension of the time of payment is not required to rest upon a consideration, or new agreement, nor need it be created by such acts or conduct as would create a technical estoppel, though the insurance company may be estopped by its acts from disputing that it has waived a forfeiture, as against one who has been permitted to act in reliance upon its oral agreement to extend the time, without notice to the contrary.

ID.—IMPLIED PROMISE.—The implied promise to pay the premium within the extension of time granted at the request of the insured was a sufficient consideration for the promise to extend the time.

ID.—LETTER OF GENERAL AGENT TO PRINCIPAL.—A letter from the general agent of the insurance company addressed to his principal, and

informing it of the death of the insured and of a promise of the insured to make the payment in a few days, was admissible against the company.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

James M. Allen, for Appellant.

The insurance contract could not be waived by a parol agreement to extend the time of payment, which was unexecuted. (Civ. Code, sec. 1698; *Wangenheim* v. *Graham*, 39 Cal. 175; *Henahan* v. *Hart*, 127 Cal. 656, 658; *Bradford I. Co.* v. *Joost*, 117 Cal. 204, 210, 211; *Smith* v. *Taylor*, 82 Cal. 533, 546; *Thompson* v. *Gorner*, 104 Cal. 169, 170;[1] *Johnson* v. *Polhemus*, 99 Cal. 240, 242.)  An extension of time without consideration is void. (*Citizens' Bank* v. *Jones*, 121 Cal. 30, 32; *Parmelee* v. *Thompson*, 45 N. Y. 58, 59, 64.[2]) Waiver of strict performance is nothing more than an extension of the time of payment. (*Fleming* v. *Gilbert*, 3 Johns. 298;[3] *Dearborn* v. *Crow*, 7 Cow. 48-50.)  The basis of a waiver is an estoppel. (*Equitable Life Assurance Co.* v. *McElroy*, 83 Fed. Rep. 638, and cases cited; *Wheaton* v. *Insurance Co.*, 76 Cal. 415, 429-431;[4] 2 May on Insurance, secs. 502, 507; *Globe Mutual Life Ins. Co.* v. *Wolff*, 95 U. S. 326, 333; 2 Joyce on Insurance, sec. 1336.)

John H. Durst, for Respondent.

There was no agreement of the insured in the policy to pay the premium, and there is no analogy to a note. (*N. Y. Life Ins. Co.* v. *Statham*, 93 U. S. 24.)  When an insurance company, after knowledge of any default for which it might terminate the contract, enters into any negotiations or transactions with the assured which recognize the continued validity of the policy, and treat it as still in force, the right to claim a forfeiture for such previous default is waived. (*Murray.* v. *Home Benefit Assn.*, 90 Cal. 406;[5] *Robinson* v.

[1] 43 Am. St. Rep. 81.
[2] 6 Am. Rep. 33.
[3] 3 Am. Dec. 485.
[4] 9 Am. St. Rep. 216, *and notes.*
[5] 25 Am. St. Rep. 133.

*Pacific Fire Ins. Co.,* 18 Hun, 395; *Knarston* v. *Manhattan Life Ins. Co.,* 124 Cal. 73; *Young* v. *Mutual Life Ins. Co. of New York,* 2 Saw. 325-333; *Hanley* v. *Life Ins. Co.,* 40 Mo. App. 253.) The company elected to waive the forfeiture by the extension of time, and, if it was invalid for any reason, the company could not repudiate the waiver, without giving reasonable notice to pay the money. (*Insurance Co.* v. *Norton,* 96 U. S. 234, 241, 242.) The giving of credit is a waiver of cash payment, and the company cannot insist on a forfeiture where death has occurred during the period of credit. (2 Joyce on Insurance, sec. 1380; *Miller* v. *Life Ins. Co.,* 12 Wall. 285.) A waiver of forfeiture does not require a consideration to support it. (*Viele* v. *Germania Life Ins. Co.,* 26 Iowa, 9;[1] *Michigan Life Ins. Co.* v. *Custer,* 128 Ind. 25, 30; *Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410, 419; *Knarston* v. *Manhattan Life Ins. Co.,* 124 Cal. 74; *Murray* v. *Home Benefit Life Assn.,* 90 Cal. 402;[2] *Young* v. *Mutual Life Ins. Co.,* 2 Saw. 230; *Kingman* v. *Lancashire Ins. Co.,* 54 S. C. 599.) The request for an extension of time raised an implied promise of payment within the extended time, which constituted a consideration for the extension. (*Homer* v. *Guardian Mutual Life Ins. Co.,* 67 N. Y. 478-483; *Wyman* v. *Phœnix Mut. Life Ins. Co.,* 112 N. Y. 274-280.) The waiver could be shown by parol evidence. (1 Joyce on Insurance, sec. 78.)

LORIGAN, J.—This action is brought to recover upon a policy of life insurance. The cause was tried before a jury, a verdict rendered in favor of plaintiff, and from an order denying its motion for a new trial defendant appeals. The policy sued on contained the usual forfeiture clause, and the defense is, that the policy had become forfeited prior to the death of the assured, by his failure to make payment of the semi-annual premium provided for therein. The facts in the case, necessary to be stated, are that said semi-annual payment became due on November 15, 1895, and the general manager of the company, Landers, sent its collector to the place of business of Knarston, the insured, in the city of San Francisco, to collect it, but he was not in. Upon the next day the collector was sent again, with what result the record

[1] 96 Am. Dec. 83, and note.      [2] 25 Am. St. Rep. 133.

does not disclose. It is to be assumed, however, that the payment was not made, because one Gilmore, representing Knarston, called upon the manager of the company with reference to it, stating that Knarston desired an extension of time until the 24th of November, within which to make the payment, which the general manager granted. Thereafter, on November 27th, Gilmore again called on the general manager in behalf of Knarston, and stated that the latter desired a further extension for about two weeks, and was told that it would be all right. Gilmore informed Knarston of the extension. Nothing further was done in the matter, and on the 2d of December following Knarston was killed in a railroad accident. There was a conflict in the evidence as to whether these extensions were given as claimed; but we must presume in favor of the verdict, which in that respect is not attacked, that the jury found in favor of such extensions.

This case was here before—*Knarston* v. *Manhattan Life Ins. Co.*, 124 Cal. 74—upon an appeal taken from a judgment by the court, in favor of the defendant.

Upon that appeal, under the same facts as are shown here, it was held that, by the extensions of time for payment of the premium granted by the manager of the company, to Knarston, there was no forfeiture of the policy; that they constituted a waiver upon the part of the company of the forfeiture; and that the policy was in full force and effect at Knarston's death.

At the threshold of this inquiry respondent invokes the decision on that appeal as the law of the case, insisting that the points now made for a reversal were necessarily disposed of therein, and that appellant should not be again heard to urge them. We do not think this position is tenable. The present appellant was respondent on that appeal, and while one of the points decided was, that the facts as proven constituted a waiver, no question was raised upon the admissibility of the evidence to prove them, which is the principal point now insisted on. And in the nature of things, as the company was respondent on that appeal, this question could not have been properly or clearly presented by it.

Without any further discussion of the matter, however, as the points now made present no great difficulty in their solu-

tion, we will assume them properly presented, and dispose of them accordingly.

They are three, and the first is, that it was error upon the part of the court, over appellant's objection, to permit oral testimony of the witness Gilmore and other witnesses as to the extension of time of payment, because the appellant insists, that the purpose of such evidence was to vary the terms of a written contract,—the contract of insurance,—and was inadmissible and ineffectual for that purpose, under section 1698 of the Civil Code, which provides that a contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise; and further, and for the same reasons, that it was error upon the part of the court in its instructions to charge the jury that the company by "acts or conduct," or by "granting extensions of time for the payment of the premium," could waive its right to claim a forfeiture. In effect, the contention of appellant is, that the waiver of forfeiture by the extension of time of payment is an alteration of the terms of the contract of insurance, and hence could only be shown by an instrument in writing. We cannot agree with this view. In a contract of insurance, such as is involved here, there are no stipulations in the policy whereby the insured agrees to do anything. He does not agree to make any payment, is not liable upon the policy for any payment, and no action for any purpose can be maintained thereon against him. The agreement is solely one on the part of the company, that if payments are made at a given time by the insured, the contract of insurance originally entered into will, on its part, be continued, with a provision therein, that upon failure to make payment at the given dates the policy will be void. This latter provision, however, is one common to insurance policies, and is solely in favor of the company, and being so in its favor may be waived. Its waiver is not an alteration of the terms of the contract. The contract continues in force by the election of the company not to avail itself of the reserved right of forfeiture. The policy is not similar to a promissory note, to which appellant likens it, in which the maker agrees on a fixed date to make payment. It is more in analogy to a lease or vendor's contract, with condition of forfeiture contained therein, with refer-

ence to which it has invariably been held that the right to declare a forfeiture, being a matter entirely for the benefit of a lessor or vendor can be, even by parol, effectually waived by either.

It has been held that the parol waiver of a condition in a policy is good, notwithstanding a provision in such policy that nothing but a written agreement, signed by an officer of the company, shall have that effect; that such a requirement may be waived by parol as an act *in pais.* (2 Bacon on Benevolent Societies, sec. 422.) There is no good reason why, if in the face of a stipulation in a policy forbidding it, such condition may be waived by parol, a provision of law similar in effect may not be equally waived.

The provision of the code, as well as the stipulation for a forfeiture in the policy, were equally matters of benefit to the company, and it is the rule, that not only provisions in a contract may be waived by the party for whose benefit they are inserted, but that he may also waive statutory, and even constitutional provisions, under which he may derive a benefit. "It is a well-settled maxim that a party may waive the benefit of any condition or provision made in his behalf, no matter in what manner it may have been made or secured." (Broom's Legal Maxims, 547.) "It extends to all provisions, even constitutional and statutory, as well as conventional. The law will not compel a man to insist upon any benefit or advantage secured to him individually. Hence it was the privilege of the insurers in this case, if they elected so to do, to waive the condition making the actual payment of the premium a condition precedent to the binding efficacy of any insurance, as it was a provision inserted for their benefit, and in which they alone were interested. This waiver may be established by evidence of an express waiver, or by circumstances from which such waiver may be inferred; and it may be by the managers of the company, or by a duly authorized agent; and as it was done by the latter in this case, it was obligatory upon the company. The agent was the general agent of the company to make contracts of insurance in a given form, and so long as he confined his acts to the matters of his agency his principals were bound. Proof of this waiver did not tend to vary the terms of the contract. It

was given to show a waiver of a condition precedent to the contract becoming valid as such. It was no more a violation of the rule prohibiting parol evidence to vary or contradict a written contract, than would have been evidence. by parol of the actual performance of the conditions." (*Goit* v. *National Pro. Ins. Co.*, 25 Barb. 191.)

If the contention of appellant must be sustained, its practical effect would be, to hold that no act, or conduct, or agreement upon the part of one for whose benefit the right of forfeiture existed, resting in parol, would constitute a waiver of it. This is not the law. When the insured failed to pay upon the day stipulated the company could have stood upon the terms of its contract and considered the policy forfeited. It was not called upon to make any declaration to that effect, or to give any notice to the insured of its election, or in fact to do anything. Its inaction in this respect would have relieved it from all further liability. It, however, did not take this course, but entered into negotiations with the insured, treating the policy as still in force, and evidencing an intention to waive any right it might have to insist upon the forfeiture. While so dealing with the insured, the only right possessed by appellant during the period of extension which it had granted, and before the death of the assured, if it intended to insist that the contract for the extension was not binding upon the company because it was not in writing, was to have notified the insured that it would not be further bound by the extension, that he must pay his premium, or otherwise the policy would be forfeited. Having granted the extension for a given time, however, the company recognized the policy as continuing in existence, treated with the insured upon that basis, and, in the absence of any repudiation of the extension by notice of such repudiation to the deceased, the law will not permit it—death having occurred while the extension was in force—to intrench itself behind a provision of the code, which, equally with its right to insist on a forfeiture, it ignored, and to claim that its conduct did not constitute a waiver.

The right of the company to avail itself of the code provision and insist that its contract of extension was not binding because not in writing, can be no greater than it would have

been at common law if the extension had been by parol, but made without consideration, and any decisions which declare that an extension of payment may be treated as a waiver, notwithstanding at common law it was not binding because without consideration, by parity of reasoning may be relied on to sustain a waiver, notwithstanding it was not a binding extension under the code.

In *Insurance Co.* v. *Norton* 96 U. S. 241, the policy under consideration provided for a forfeiture in event of non-payment of the principal, or any installment of interest, upon any promissory note given for a premium. There was a default in the payment of a note, and the agent of the company extended the time for its payment. A waiver was relied on, and it was claimed by the company, that the extension was not binding upon it for want of consideration. The supreme court, however, held that although the agreement was not binding, yet the acts of the agent constituted a waiver, and in this regard said: "Grant that the promise to extend the note is without consideration, and not binding on the company, which is perhaps true as well when the promise is made before maturity as when it is made afterwards, still it does not take from the company's act the legitimate effects of such act upon the forfeiture of the policy. Perhaps the note might be sued on in disregard of the extension, but if it could be, that would not annihilate the fact that the company elected to waive the forfeiture by entering into the transaction. If it should repudiate its agreement it could not repudiate the waiver of the forfeiture, without at least giving the assured reasonable notice to pay the money." We see no difficulty in applying the reasoning in the above cause to the case at bar. In the quoted case it is held that notwithstanding the invalidity of the contract of extension, yet the acts of the company in dealing with the assured constituted a waiver. In fact, in very many cases the acts which constitute a waiver cannot amount to a contract, and in other cases they may not have a single contractual feature. And in this same line it is. said: "The waiver or dispensation is not in the nature of a contract which requires the support of a consideration, but rather of an estoppel, whereby the underwriter is precluded from denying the validity of the contract on account of acts or admissions,

CXL. Cal.—5

either recognizing it as of binding force after the forfeiture, or holding out to the assured that the performance of the condition is dispensed with.'' (*Viele* v. *Germania Life Ins. Co.*, 26 Iowa, 56.[1]) In *Michigan Life Ins. Co.* v. *Custer*, 128 Ind. 30, where a note was given to the company for the amount of the premium under the policy, and it was provided in the policy that if the note was not paid at maturity the policy would be forfeited, the court says: ''If on the other hand, the extension was, as claimed by the appellant, a simple gratuity, it was none the less a waiver of the payment of the note, at its maturity, and as the forfeiture was in the nature of a penalty, and intended to secure the prompt payment of the note, the waiver of payment was the waiver of the right to enforce the penalty for non-payment.

In Joyce on Insurance (vol. 1, sec. 78) the general rule is laid down as follows: ''It is equally well settled that it is competent for the company to disregard the condition relative to prepayment of the premium, and upon any renewal to waive by parol the payment in cash of any premium, and this waiver can be shown by proof that credit was given, or can be inferred from circumstances, and the waiver can be made by the company, or by any of its duly authorized agents.''

This doctrine of waiver which is adopted in order to avoid the conditions of a policy, has been said to be but another name for the doctrine of estoppel. (*Insurance Co.* v. *Wolff*, 95 U. S. 333.) ''It is,'' says Sutherland, J., in *People* v. *Manhattan Co.*, 9 Wend. 381, ''a technical doctrine introduced and applied by courts for the purpose of defeating forfeitures.'' ''The principle on which the waiver of forfeiture has been maintained in such cases is undoubtedly similar to an estoppel. It was so held in *Viele* v. *Germania Life Ins. Co.*, 26 Iowa, 9.[1] But we think it is not true, that such waiver can be created only by acts or conduct, such as would create a technical estoppel. Neither forfeitures, nor estoppels, are favored by the law, and it follows necessarily from this consideration, that the waiver of a forfeiture may be sustained by circumstances which do not present the strong equities which would be required to create an estoppel.'' (*Hollis* v.

[1] 96 Am. Dec. 83, and note.

*State Ins. Co.,* 65 Iowa, 459). "This extension of payment
does not amount to a modification, or contradiction, or change
of the written contract, but rather to an affirmance of the
entire contract as reduced to writing, and an excuse on behalf
of plaintiff for failure to perform one of its conditions."
(*Prudential Ins. Co.* v. *Sullivan,* 27 Ind. App. 30.) "The
payment of the annual premium upon a policy of life insur-
ance is a condition subsequent, a non-performance of which
may or may not, according to the circumstances, work a for-
feiture of the policy. It has always been for the insured to
show a waiver of the condition, or a course of conduct on
the part of the insurer, which gave him just and reasonable
ground to infer that a forfeiture would not be exacted. But
it must be a just and reasonable ground, one on which the
assured has a right to rely." (*Thompson* v. *Insurance Co.,*
104 U. S. 260.) We think these authorities sustain the point
that, although the granting of the extension was not a
binding contract so as to preclude the appellant from re-
pudiating it at any time by notice to the assured, yet in the
absence of any such repudiation, the acts and conduct of the
company were such as to amount to a waiver of the provision
for forfeiture in the policy, and that parol evidence was ad-
missible to prove the facts and circumstances tending to show
such waiver.

2. In this general line it is insisted by appellant that,
were it legally possible to modify the terms of the policy
by an oral unexecuted agreement, still there was no con-
sideration for any such agreement; and insists that there
can be no waiver unless supported by an estoppel, or a con-
sideration. We have seen from the authorities cited, that
the doctrine of waiver is somewhat different from that of
estoppel, and in order to be invoked need not partake of a
technical estoppel, and that as far as a consideration is con-
cerned it is a false quantity as applied to a waiver. Aside
from the authorities already cited, the supreme court of New
York says: "It may be asserted broadly that if in any
negotiation or transaction with the insured, after knowledge
of the forfeiture, it (the company) recognized the continued
validity of the policy, or does acts based thereon, or requires
the insured, by virtue thereof, to do some act or incur some
trouble or expense, the forfeiture as a matter of law is

waived; and it is now settled in this court, after some difference of opinion, that such a waiver need not be based upon any new agreement or an estoppel.'' (*Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 419; *Wyman* v. *Phœnix etc. Ins. Co.,* 119 N. Y. 280; *Hollis* v. *State Ins. Co.,* 65 Iowa, 459.) If it was of moment here, there is also authority to the effect, that from the facts connected with the extension of time, a sufficient consideration may appear. "The assured by asking for and accepting from the insurers an extension of time for payment, and credit for the premium then about to become due, and the waiver of the forfeiture, and the agreement to continue the policy in life as if the premium was actually paid, by clear implication promised and agreed, to continue the risk for another year, and to pay the premium at the day fixed. Such promise would be ample, and the waiver of the payment at the day would constitute the consideration for the promise.'' (*Homer* v. *Guardian Mut. Life Ins. Co.,* 67 N. Y. 478.) "That to pay the premium was his implied promise, and each promise was a consideration of the other.'' (*Wyman* v. *Phœnix etc. Ins. Co.,* 119 N. Y. 274.)

3. The last point urged is, that the court erred in admitting in evidence a letter written by the general agent, Landers, to the home office in New York announcing Knarston's death, referring to the failure of the insured to make payment of the premium, and stating in addition that "in response to three visits of our collector he promised to pay the renewal within a few days.'' It is insisted by the appellant that this communication of the general agent was purely hearsay, no part of the *res gestœ,* or within the scope of his authority as its agent. We find no merit in this point. Landers was the general agent of the appellant, and the statement made was in the course of his agency, in the discharge of his duty to his principal, and was a communication to his principal, which it was his duty to make concerning the business of the company with reference to the insurance upon Knarston's life. In cases of corporations, whose business is mainly under the direction and control of general agents, their declarations made in the line of duty as such, are always admissible, whether part of the *res gestœ* or not. The cases cited by appellant have no bearing upon this point, because the declarations there under review were

made by special agents to strangers concerning past occurrences. They were not made to their principal, nor were they with reference to the business of their principal. A different rule applies in such cases.

We find no error in the record, and the order refusing the defendant a new trial is affirmed.

McFarland, J., and Henshaw, J., concurred.