Matter of the Application of CHARLES F. MCPHERSON, as Executor of the Will of ELLA J. MILLER, to Carry Out a Contract of Sale of Real Estate.

(Surrogate's Court, Delaware County, January, 1921.)

**Executors and administrators — when order will be made directing executor to convey real estate pursuant to contract — wills — estoppel — Code Civ. Pro. § 2697.**

> Where by a deed of conveyance of a farm, containing a reservation to the grantor of the house and lot, a part of the farm, it was covenanted and agreed that the grantee, after the death of his grantor or whenever she was ready to sell, should have the option of buying the house and lot, an order may be granted under section 2697 of the Code of Civil Procedure, directing the executor of the grantor to execute and deliver to said grantee a deed of the house and lot.
>
> The fact that said grantee when the will was read, by which his grantor devised the house and lot subject to the option given to him, stated that he did not desire the house and lot mentioned, did not estop him from claiming his rights under his contract with the testatrix.

PROCEEDING under section 2697 of the Code of Civil Procedure by the executor of the last will and testament of Ella J. Miller, deceased, for an order of this court directing the executor to execute and deliver a deed.

On or about the 21st day of March, 1917, the testatrix and Frank T. Miller entered into a contract under seal by which it was provided that the testatrix having on that date sold and conveyed to Miller her farm in the town of Bovina, and having reserved the house and lot which was a part of said farm, it was covenanted and agreed that said Frank T. Miller should have the privilege or option of buying said house and lot for the sum of $1,500 after the death of the testatrix or when-

ever she was ready to sell the property. The agreement applied to and was to bind the heirs, executors and administrators of the respective parties.

Ella J. Miller, the testatrix, thereafter on the 23d day of July, 1918, made her last will and testament by the 2d paragraph of which she provided as follows:

" *Second.* I give, devise and bequeath to my sister Mrs. Elizabeth J. Russell my house and lot in Bovina Center, N. Y., to her, her heirs and assigns forever, said house and lot being subject to an option given by me to Frank T. Miller. If at my death the said Frank T. Miller accepts the house and lot at $1,500 the price agreed upon, then I give and bequeath to my said sister the $1,500 in place of the house and lot * * *."

Ella J. Miller died on or about the 3d day of June, 1920. Her last will and testament was duly admitted to probate on or about the 14th day of June, 1920, and letters testamentary issued to the petitioner herein.

A short time after the death of the testatrix her last will and testament was opened by Thomas Gordon, the scrivener who drew the will, in the presence of her relatives and was read to them. It is conceded that when the 2d paragraph of such will was read, Frank T. Miller stated that he did not desire the house and lot mentioned, that he already had a house, and Mr. Gordon stated, " Then the property belongs to Mrs. Russell."

After the will was probated, Mr. Miller advised the executor that he desired the place and told him he wanted the deed. The executor testifies that Mr. Miller told him to this effect within a month after the will was probated.

The executor has instituted this proceeding by a petition under section 2697 of the Code and cited all of the persons interested in the estate of Ella J. Miller.

Elizabeth J. Russell, the devisee mentioned in the

Misc.]    Surrogate's Court, Delaware County, January, 1921.

2d paragraph of the will, has appeared and objects to an order being made directing a conveyance of the property in question to Frank T. Miller upon the ground that he has waived his right to receive a conveyance therefor.

Hamilton J. Hewitt, for Charles F. McPherson, executor.

Fred W. Youmans, for Frank T. Miller.

Edward O'Connor, for Elizabeth J. Russell.

McNAUGHT, S.   The facts are undisputed in this proceeding.   The agreement made between the testatrix and Frank T. Miller on March 21, 1917, was to all intents and purposes a contract for the conveyance of real estate which bound not only the parties, but their heirs, executors and administrators.   The testatrix could not by any provision in her will or by any act of hers deprive Miller of his rights under such agreement.   This fact is recognized by the language of the 2d paragraph of the will.   The provision in both the contract and will is practically the same in regard to the time of performance.   In the contract the language is " after her death;" in the will the language used is " at my death."

In any event Miller would have been entitled to a reasonable time in which to exercise his right to take the property and was not bound to determine whether he would take the property or not until such time after the death of the testatrix as the will had been probated and the executor duly qualified, for until such time no one was in a position or would have been in a position to perform the contract entered into by the testatrix.

The sole question is whether the statement or remark made by Miller when the will was read con-

Surrogate's Court, Delaware County, January, 1921. [Vol. 114.

stituted a waiver and relinquishment of his rights under the contract so that he could not thereafter enforce the same.

The attention of the court has not been called to any case directly in point, nor has the court been able to discover a parallel case. The doctrine of waiver is presented most frequently in those cases which have arisen out of litigation over insurance policies, but it is a doctrine of general application confined to no particular class of cases. A waiver has been defined to be the intentional relinquishment of a known right. It is voluntary and implies an election to dispense with something of value or forego some advantage which the party waiving it might at its option have demanded or insisted upon. *Cowenhoven* v. *Ball*, 118 N. Y. 234.

In the case of *Draper* v. *Oswego County F. R. Assn.*, 190 N. Y. 12, 16, Chief Judge Cullen, in speaking for the court upon this subject, said: "While that doctrine and the doctrine of equitable estoppel are often confused in insurance litigation, there is a clear distinction between the two. A waiver is the voluntary abandonment or relinquishment by a party of some right or advantage. As said by my brother Vann in the *Kiernan Case* (150 N. Y. 190): 'The law of waiver seems to be a technical doctrine, introduced and applied by the courts for the purpose of defeating forfeitures. * * * While the principle may not be easily classified, it is well established that if the words and acts of the insurer reasonably justify the conclusion that with full knowledge of all the facts it intended to abandon or not to insist upon the particular defense afterwards relied upon, a verdict or finding to that effect establishes a waiver, which, if it once exists, can never be revoked.' The doctrine of equitable estoppel, or estoppel *in pais*, is that a party

may be precluded by his acts and conduct from asserting a right to the detriment of another party who, entitled to rely on such conduct, has acted upon it. * * * As already said, the doctrine of waiver is to relieve against forfeiture; it requires no consideration for a waiver, nor any prejudice or injury to the other party." To the same effect, see *Knarston* v. *Manhattan Life Ins. Co.,* 140 Cal. 57.

At the time of the alleged waiver no person was in a position to act upon it. It does not appear that Mrs. Russell or any other person has in any manner acted upon said waiver or been in any way affected by it. At the time the will was read to the relatives it was unknown to any of the parties whether the will was a valid testamentary disposition of the property of the testatrix or not. It was unknown whether the will would be admitted to probate or rejected, and no one has been affected by the statement made by Frank T. Miller.

The important question for determination is whether Miller because of his statement when the will was read is estopped from claiming his rights under the agreement of March 21, 1917.

In *New York Rubber Co.* v. *Rothery,* 107 N. Y. 310, Judge Peckham defines an estoppel as follows: " To constitute it the person to be estopped must do some act or make some admission with the intention of influencing the conduct of another, or that he had reason to believe would influence his conduct, and which act or admission is inconsistent with the claim he proposes now to make. The other party, too, must have acted upon the strength of such admission or conduct."

A party may be precluded by his acts and conduct from asserting a right to the detriment of another

party, who, entitled to rely on such conduct, has acted upon it. *Clark* v. *West,* 193 N. Y. 349.

There is no evidence and it is not even contended Mrs. Russell has in any manner acted upon the statement of Miller or been affected to her detriment by reason of such statement.

It is, therefore, the conclusion of the court that the objections of Mrs. Russell must be overruled and that Frank T. Miller under his contract with the testatrix is entitled to receive from the executor a conveyance of the property in question.

The court has not overlooked in reaching this conclusion the decision of the Court of Appeals in the case of *Alsens A. P. C. Works* v. *Degnon Contracting Co.,* 222 N. Y. 34.

A decree may be prepared in conformity to the prayer of the petitioner herein and the form of the same may be agreed upon by the parties, or may be settled before the surrogate at Delhi any Monday.

Decreed accordingly.