[Civ. No. 4194. Third Appellate District.—December 22, 1931.]

LENA M. VIERRA, Respondent, v. NEW YORK LIFE INSURANCE COMPANY (a Corporation), Appellant.

Neumiller & Ditz and R. L. Beardslee for Appellant.

C. R. Perrier for Respondent.

TUTTLE, J., *pro tem.*—This action was brought to recover upon a policy of life insurance, issued to the husband of plaintiff. It was tried before the court, and judgment for the amount of the policy, $5,000, was rendered for plaintiff. From the judgment entered upon the findings, defendant appeals.

On July 22, 1927, the agent of appellant called upon Frank M. Vierra for the purpose of soliciting a policy of life insurance. As a result, an application for ordinary life insurance, in the sum of $5,000, was signed by Vierra. The latter also executed and delivered to the agent his promissory note, in favor of the agent, for the first year's premium, in the sum of $187.50, with interest at the rate of ten per cent. On this date Vierra was also examined by the physician of appellant, and he was again examined on July 31st. He "passed" this medical examination, and the application was forwarded by appellant to its office in New York on July 31st. On August 7th Vierra was taken sick and he consulted his physician, and on the 8th he was operated upon. On August 9th a policy of insurance was duly issued by appellant in New York, in accordance with said application, and mailed to its Fresno agency. On August 11th, Vierra died, and on August 15th the policy was returned to the New York office of appellant. The foregoing is a brief *résumé* of the *undisputed facts* in the case.

The demurrer to the amended complaint was properly overruled. Plaintiff alleged the execution of the application and that the deceased complied with and fulfilled the requirements in the provision thereof for the purpose of making such insurance effective from the date of the application. This was a sufficient allegation of performance.

It was not incumbent upon plaintiff to allege in detail wherein he had performed each requirement.

 The motion to strike out portions of the complaint was properly denied. The portion sought to be eliminated alleged that the agent stated to applicant that the insurance would be effective immediately. This was not an attempt to vary the terms of a written instrument by parol. It is merely setting up a waiver or estoppel upon the part of appellant to enforce certain conditions in the application. "It has been held that the parol waiver of a condition in a policy is good, notwithstanding a provision in such policy that nothing but a written agreement, signed by an officer of the company, shall have that effect; that such requirement may be waived by parol as an act *in pais*." (*Knarston* v. *Manhattan Life Ins. Co.,* 140 Cal. 57 [73 Pac. 740, 741].)

The complaint contains no allegations of fraud, but it is alleged that the agent, through neglect, inadvertence or mistake, made certain entries in the application which were contrary to his assurance and statement to the insured that the insurance would be in full force and effect from the date of the application.

 Appellant makes the contention that certain findings are not supported by the evidence. We have gone over these, and have selected the following as the only findings which merit consideration here:

"Twenty-first: That the said A. E. Preciado accepted the said note as full payment for the first year's premium on said insurance; and that the said Frank M. Vierra paid the first year's premium on the said life insurance in full."

"Twenty-sixth: That the said A. E. Preciado neglected and failed to give to the said Frank M. Vierra the receipt referred to and set forth in said application blank; and failed and neglected to advise the said Frank M. Vierra that the said application form provided that such a receipt should be received by the applicant; and failed and neglected to have the said Frank M. Vierra make the declaration of payment and receipt, as provided in said application; that the said A. E. Preciado did not, due to his inadvertence, neglect or mistake, deliver the said receipt to the said Frank M. Vierra; and that the said A. E. Pre-

ciado, due to his inadvertence, mistake or neglect, did not have the said Frank M. Vierra sign the said declaration."

"Thirty-second: That the said Frank M. Vierra, under the guidance and direction and advice of the said A. E. Preciado, did on his part, in all respects, comply with and fulfill, according to the advice and instructions, so received, the requirements of the provisions in the said application form set forth and required by the said New York Life Insurance Company, a corporation, for the purpose of making said insurance take effect upon the date of the signing of said application . . . "

The authority of the agent to act as he did in the premises is unquestioned, being admitted in the answer, and embodied in the findings, as follows:

"That the said application so made by the said Frank M. Vierra for life insurance to the said defendant was made at the solicitation of A. E. Preciado; and that the said A. E. Preciado was, at the time of soliciting said insurance from the said Frank M. Vierra, to-wit, on and about the said 23rd day of July, 1927, the duly appointed, qualified, authorized and acting agent of the said New York Life Insurance Company, a corporation, and defendant above named."

Appellant does not question the authority of the agent to waive the conditions of the application.

Some of the facts which are relied upon by respondent as furnishing the basis for waiver and estoppel are embodied in the following findings which are not attacked by appellant:

"Thirteenth: That the said Frank M. Vierra, at the time of making said application for life insurance to the said defendant, did ask the said A. E. Preciado whether the said insurance, for which the said Frank M. Vierra was applying, and before the said Frank M. Vierra signed the application, would commence at the time of the signing of the application and whether he, the said Frank M. Vierra, would, if he signed the same, be insured from the date of the signing the application, to-wit, from the said 23rd day of July, 1927.

"Fourteenth: That the said A. E. Preciado did then and there advise and assure the said Frank M. Vierra that he,

the said Frank M. Vierra, would be fully insured in the sum of Five Thousand Dollars from the date of the signing of said application, to-wit, from the said 23rd day of July, 1927; and the said A. E. Preciado did further advise and assure the said Frank M. Vierra that if he, the said Frank M. Vierra, should die the following day that his wife, the plaintiff in this action, would get the money from the said insurance, to-wit, the said sum of Five Thousand Dollars, and that the said New York Life Insurance Company, a corporation, would pay the said insurance to the said beneficiary."

"Twenty-second: That the said A. E. Preciado forwarded the said promissory note to the said defendant at its office at Fresno, California; and that the said note was kept in the files of the said New York Life Insurance Company, a corporation, until after the issuance of the said policy of insurance to the said Frank M. Vierra, as aforesaid, and after the death of the said Frank M. Vierra."

"Twenty-seventh: That the said New York Life Insurance Company, a corporation, and defendant herein, found that the said Frank M. Vierra was, at the time of making the said application for insurance, to-wit, on the said 23rd day of July, 1927, insurable and entitled under the Company's rules and standards to insurance, on the plan and for the amount applied for in Questions 2 and 3 of said application form.

"Twenty-eighth: That the New York Life Insurance Company, a corporation, holds its agents personally liable for the payment of notes taken for the first year's premium on insurance."

In addition, there is evidence to support the finding that the agent knew that the decedent could neither read nor write. There is also evidence from which the court could infer that the conditions in the policy in respect to the giving of a receipt and the signing of a declaration to that effect by the applicant were not complied with on account of the neglect and mistake of the agent. The finding to that effect (twenty-sixth) is supported by the evidence. There is also evidence to support the finding (thirty-second) that the applicant did all in his power to make the insurance effective from the date of the application.

Our conclusion is that there is ample evidence in the record to support the questioned findings.

The portion of the application which contains the conditions in question is as follows:

"It is mutually agreed as follows:

"1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered and received by the applicant and the first premium thereon paid in full during his lifetime, and then only if the applicant has not consulted or been treated by any physician since his medical examination; provided, however, that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for in questions 2 and 3 and so declares in this application and receives from the agent a receipt therefor on the receipt form which is attached hereto, and if the Company, after medical examination and investigation, shall be satisfied that the applicant was, at the time of making this application, insurable and entitled under the Company's rules and standards to the insurance, on the plan and for the amount applied for in questions 2 and 3, at the Company's published premium rate corresponding to the applicant's age, then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time this application is made, whether the policy be delivered to and received by the applicant or not."

As pointed out by appellant, the conditions which would entitle the insured to temporary insurance are three in number, to wit, the first year's premium must be paid in cash; the applicant must so declare in writing on a form attached to the application, and the agent must execute a certain "receipt form", covering the premium. All of these forms were attached to and constituted a part of the application.

The evidence shows that the premium was paid by the giving of a note in favor of the agent, covering the first year's premium and bearing interest at the rate of ten per cent per annum. The evidence further shows, from the original application admitted, that the applicant did not sign the receipt form, nor did the agent execute his receipt for the premium.

Was the applicant absolutely bound and concluded by these conditions, or can it be shown by parol evidence that they were waived? This is the crucial point in the case, and it is raised directly by objections to parol evidence showing such waiver. If the position of respondent is sustained, then the applicant was temporarily insured, irrespective of whether the policy was ever delivered or received by the applicant. (See terms of application quoted *supra*.)

Upon this point appellant makes the following contention: "The application was made the basis of the action, defines and confines the authority of the soliciting agent, and applicant was bound by the terms thereof." This is not a correct statement of the law as laid down by the courts of this state. The authorities cited by appellant do not justify this contention. He quotes at length from *Sharman* v. *Continental Ins. Co.*, 167 Cal. 117 [52 L. R. A. (N. S.) 670, 138 Pac. 708, 711]. That case turned upon the authority of the alleged agent of the insurance company. The record showed that the party who wrote the policy was never actually the agent of the company. It was held that as *ostensible agent* he had no authority to waive conditions in the policy, but the court goes on to say:

"Provisions in policies limiting the authority of agents to bind the company by waiver of conditions therein have been the frequent subject of consideration by the courts. It is held with practical unanimity that, notwithstanding such limitations upon the authority of these agents, conditions in policies may be waived by some agents of the company and under some circumstances will be deemed to have been waived notwithstanding the method provided for in the policy has not been pursued." The case of *Knarston* v. *Manhattan Life Ins. Co.*, 140 Cal. 57 [73 Pac. 740], is also authority for this rule.

The foregoing appears to be the rule in this state. The question narrows down to the authority of the agent. If he has such authority, he may waive written restrictions, either in the application or the policy. "The rule most liberal to the insured and the one which, perhaps, has the support of the weight of authority at the present day, is

that *against* making restrictions in an insurance policy upon an agent's authority conclusive upon the insured, and which permits the company, or any agent with general or unlimited powers, or clothed with actual or apparent authority, to waive, either orally or in writing, or by his acts and conduct, any written or printed condition in the policy, notwithstanding such restrictions; and this, in many instances, though the policy provides that a distinct specific agreement shall be indorsed thereon, or otherwise prescribes a particular mode of waiver, or that only certain persons can waive, since, if the agent may waive the restrictions in the first case, he may in the latter." (2 Cyc. of Insurance Law, [Couch] sec. 522e.) Authorities from some thirty-three states, including California, are cited in support of this rule.

No contention is made by appellant that the agent had no power to waive the said conditions. It relies solely upon the rule that since the conditions appear in the application, they could not be waived. "While, as a general rule, a party to a contract . . . will not be permitted to urge that he did not read it before he affixed his signature thereto, and that he was ignorant of its contents, and supposed them to conform to what he had agreed with or represented to the adverse party or his agent, the application of this rule has been almost universally denied where sought to be applied to the business of insurance as it is conducted in the United States." (Note, 9 Am. St. Rep. 232, citing numerous cases, including *Menk* v. *Home Ins. Co.,* 76 Cal. 50 [9 Am. St. Rep. 158, 14 Pac. 837, 18 Pac. 117].)

Much stress is made by appellant upon the failure of the applicant to pay the first year's premium in cash. After an examination of the authorities bearing upon this question, we are satisfied with the rule laid down by Joyce on Insurance, volume 3, section 1202a: "As between insurer and insured, although agents are forbidden by the insurer to take notes for first premiums, the taking of a note will constitute a payment thereof, where the custom or common practice is for the agent to take the note in his own name and charge it to himself in his account with the company, being responsible for its collection."

That a note may be considered equivalent to or received in lieu of cash, is the statement of the same author in sec-

tion 1202d. The failure to comply with this condition cannot, therefore, relieve appellant in this case. Especially is that true where the note bears interest from the date of the application. Why take a note bearing interest at ten per cent from· the date of the application, if the insured was not protected from that date? Why receive the note at the main office of appellant and issue a policy thereon, when the rules governing agents, admitted in evidence, forbid the taking of a note for the first year's premium? The policy would have been delivered, the testimony shows, except for the death of Vierra.

The salient facts remain: That the applicant understood and was told by the agent that he was temporarily insured; that the agent was authorized to so act; and that deceased paid for the insurance; and the insurance carrier will not be heard to say that deceased was not temporarily insured.

We therefore conclude that appellant waived the conditions whose nonperformance is urged as a defense to this action.

Other points are urged by appellant. Most of them are disposed of in considering the foregoing questions, and the remainder are without merit.

The judgment of the trial court is both legal and just and, accordingly, it is affirmed.

Preston, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 21, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 18, 1932.