In the Matter of the Probate of the Will of EDWARD WENTWORTH, Deceased.

Surrogate's Court, Schoharie County, January 15, 1947.

*Edgar S. Knox* for Lynn Wentworth, petitioner.

*David B. Alford* for proponents.

*John B. Bingham,* special guardian of the children of Lynn Wentworth.

WHARTON, S. The last will and testament of Edward Wentworth has been presented for probate by a petition filed on the 19th day of June, 1946. In the course of the probate proceeding and on the 6th day of November, 1946, Lynn Wentworth, sole heir and next of kin of the decedent, by order to show cause and upon due notice to all interested parties, has petitioned for a determination as to the validity, construction and effect of a certain lease or contract entered into between the said Lynn Wentworth and the decedent prior to the execution of the will. The latter proceeding seeks in effect to vest title to the decedent's farm of about 250 acres, in his son Lynn. Upon motion of the petitioner the two proceedings were consolidated as of November 22, 1946.

The facts, briefly outlined, are as follows: On March 4, 1942, the decedent Edward Wentworth, being the owner in fee simple absolute of the farm in question, duly leased his farm and contracted with his son Lynn, in consideration of the payment of $50 monthly from April 1, 1942, until the date of his death as follows: " The party of the first part covenants that he will devise the said real property to the party of the second part in his last Will and Testament in consideration of the faithful performance of this contract by the party of the second part ". Notwithstanding this disposition of his farm and on the 28th day of July, 1943, the decedent executed his last will and testament which is now offered for probate and therein and without explanation or reference to the previous agreement, attempted to dispose of his farm which was his only real estate in the following manner: Under paragraphs " Second " and " Third " the testator acknowledged an indebtedness of $1,500 to his sister Martha Cornwell for board and care and directed that same be a charge against his real estate. In the same manner he bequeathed the sum of $25 monthly to the sister during her life, also a lien against his real estate. Under paragraph " Fourth " the testator then proceeded to give his son Lynn the life use of said real estate and at his death to the aforesaid sister for life whereupon " I direct my Executor to sell my real estate and all other assets of my estate and divide the net proceeds equally among the children of my said son Lynn Wentworth and to pay over the share of each said child

upon his majority ''. Thus it will be seen that the decedent has attempted two widely divergent methods of disposing of his farm, one of which must of necessity fail.

The jurisdiction of the Surrogate's Court has been questioned under the recent decision in *Matter of Simonson* (271 App. Div. 420) and prior authorities. In that case, however, no administration was applied for or had and the controversy was held to involve only living persons, no estate of a decedent being concerned. In the present matter decedent's last will and testament has been properly established as to execution and by that instrument the sister is referred to as a creditor of the estate.

The court derives its jurisdiction from statute. Sections 40 and 145 of the Surrogate's Court Act extend general jurisdiction to make a full, equitable and complete disposition of the issues, including the question of probate and construction. Further jurisdictional grounds appear in section 227 of the Surrogate's Court Act where a decedent has contracted for the conveyance of his property during his lifetime and similar relief was granted by the late Surrogate McNaught in *Matter of Miller* (114 Misc. 283). Only by such relief can there be complete justice between the parties without oppressive expense or harrowing delay. (Judge Cardozo in *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 71. Also *Schley* v. *Donlin*, 131 Misc. 208.)

As to the extent of the estate, the petition for probate mentions $1,000 of personalty, $10,000 in real estate and a joint bank account in the name of Edward Wentworth and Martha Cornwell in the sum of $807.41. Creditors are unknown since the time to present claims will not commence until letters are issued. The matter of the payment of debts, funeral and administration expenses and their charge upon the realty is not an issue in the present proceeding.

Title to the decedent's real property under his sealed and acknowledged agreement of March 4, 1942, vested in his son Lynn Wentworth as of the date of his death. Said contract was based upon fair and adequate consideration and it appears from the testimony that the son fully discharged all of his obligations thereunder. Paragraphs '' Second '', '' Third '' and ''Fourth '' of the decedent's last will and testament are therefore inoperative as to his real estate by reason of his previous disposition thereof. This, however, without prejudice to the rights of creditors who may come in at a later date. (*Campbell* v. *Brown*, 268 App. Div. 324; *Edson* v. *Parsons*, 155 N. Y. 555; *Canute* v. *Miner*, 137 Misc. 717.)

A decree may be entered admitting the decedent's last will and testament to probate. The contract between Edward Wentworth and Lynn Wentworth dated March 4, 1942, as recorded in the Schoharie County Clerk's Office in Liber 234 of Deeds at page 394 may be confirmed and enforced. Further that the provisions contained in paragraphs " Second ", " Third " and " Fourth " of the will insofar as they effect the vesting of title to decedent's farm are illegal, void and of no effect.

Decree may be settled upon three days' notice.