In the Matter of the Accounting of CARL McARTHUR, as Executor of CHARLES H. McLAUGHLIN, Deceased.

Surrogate's Court, Washington County, October 28, 1947.

*Francis A. Wickes* for executor.

*Leon M. Layden* for Louise S. Henninge, respondent.

*Wyman S. Bascom* for Frank E. Sears, respondent.

DEWELL, S.   On the filing of his final account and in pursuance of section 227 of the Surrogate's Court Act the executor has asked in this proceeding for a decree directing him as such executor to make and deliver to Frank E. Sears a deed to certain premises in accordance with a contract for the sale thereof made by the decedent.   The facts are undisputed.   On November 8, 1920, Charles H. McLaughlin, the decedent, and his wife entered into a contract with Frank E. Sears for the sale of property located in the town of Putnam, Washington County, New York.   The land was described as the home farm but there were excepted therefrom three parcels.   Concerning the three excepted parcels the contract read as follows:

" It is also further agreed between the parties hereto that if the said Charles H. McLaughlin at any time before his death elects to sell the said three excepted parcels hereinbefore described the said parties of the second part shall buy the same and pay therefor the sum of $1000.00.

" It is further agreed that if the said Charles H. McLaughlin does not so convey the said three excepted parcels in his lifetime and his said wife survive him, and at any time before her death elect that the said three excepted parcels be sold, the said parties of the second part hereto shall buy the same and pay therefore the said sum of $1000.00 and a good and sufficient deed of the same shall be executed and delivered to them by the heirs, representatives or assigns of the said Charles .H. McLaughlin having legal authority to execute and deliver the same.

" It is further agreed that if the said three excepted parcels have not been so conveyed before the death of the said Charles H. McLaughlin and of his said wife, then a good and sufficient deed of the same is to be executed and delivered to the said party of the second part hereto by the heirs, legal representatives or assigns of the said Charles H. McLaughlin having legal right to convey the same, upon their payment to them of the said sum of $1000.00."

The deed from McLaughlin to Sears conveying the property, not excepted in the contract, also contained the above-quoted provisions and was introduced in evidence in this proceeding without objection.

The agreement in addition to the foregoing quoted provisions further provided that " the stipulations aforesaid are to apply to and bind the heirs, executors and administrators and assigns of the respective parties."

Neither Charles H. McLaughlin nor his wife elected to sell the three excepted parcels during their lifetime and Frank E. Sears, the purchaser under the contract has now tendered $1,000 to the executor of the will of Charles H. McLaughlin and has requested a deed.

By his will the said Charles H. McLaughlin, after certain bequests which do not affect this proceeding, gave all property real and personal to Louise S. Henninge, an adopted daughter, who here contends that the executor is without power to convey the property in question. Her arguments are (1) that the deed can be executed only by the " heirs, legal representatives or assigns of the said Charles H. McLaughlin having legal right to convey the same ", asserting that she and not the executor is the only person having such right, (2) that this is not a contract on the part of the decedent to convey as contemplated in section 227 of the Surrogate's Court Act, and (3) that the Surrogate's Court lacks jurisdiction and that if any proceeding lies it should be brought in the Supreme Court.

It is axiomatic that a devisee takes title encumbered with any pre-existing lawful agreement affecting the same made by the testator during his lifetime. Consequently, title to the property in question would pass to the devisee subject to being divested by the exercise of the option. This Sears has elected to do, so that the contract for the conveyance thereof made by the decedent in his lifetime should be carried into effect by his executor. (*Matter of Miller,* 114 Misc. 283.) The facts in that case are not unsimilar to those being here considered with the exception that the decedent therein provided the same conditions

in her will as those contained in the agreement. On that subject, however, the court said, " The testatrix could not by any provision in her will or by any act of hers deprive Miller of his rights under such agreement."

On the question of jurisdiction in addition to that contained in section 227 of the Surrogate's Court Act, section 40 of the same act empowers the Surrogate " To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding * * *." " The modern view takes notice of the increased equitable jurisdiction of the court and holds that it is no longer incumbent upon the surrogate to refer the parties to equity for the protection and enforcement of their rights." (*Matter of Lamerdin*, 157 Misc. 431, 433.)

It is decided that this court has jurisdiction of the issues presented; that the contract is enforcible and that the executor should and is empowered to carry out the terms thereof.

A decree in conformity to the prayer of the petition may be entered.